Case 1:18-cv-00088 Document 53 Filed on 02/03/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN RUBIO, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 18-CV-88 |
| § | |
| BOBBY LUMPKIN, Director, Texas § | |
| Department of Criminal Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| *Respondent*. § | |

**ORDER**

Before the Court are (1) Texas death row inmate John Allen Rubio's Motion for Discovery (Dkt. No. 28); (2) Respondent Bobby Lumpkin's Motion for Summary Judgment (Dkt. No. 30); and (3) Rubio's Motion for Stay and Abeyance of Federal Proceedings (Dkt. No. 42). As discussed below, Rubio has shown that a stay of these proceedings is appropriate so that he may present claims to the state courts in the first instance. Accordingly, the Court **GRANTS** Rubio's motion to stay and **DENIES** the other pending motions **WITHOUT PREJUDICE.**

I. **BACKGROUND**

A Texas jury convicted Rubio of capital murder in 2010 for killing his three children. He received a death sentence. After Rubio unsuccessfully availed himself of state appellate and habeas remedies, this Court appointed counsel to represent Rubio on federal habeas review.

On February 18, 2020, Rubio filed an Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Dkt. No. 24). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) requires an inmate to exhaust state court remedies before federal habeas relief becomes available. *See* 28 U.S.C. § 2254(b)(1). Rubio's amended petition includes ten grounds for relief, only two of which he presented to the state courts. Rubio's unexhausted claims argue that: his trial attorneys provided ineffective representation (claims one, three, seven, and ten); the State engaged in a pattern of misconduct (claim four); the State discriminated against Rubio in its decision to pursue a death sentence against him (claim five); the State elicited false and misleading

# (continued)

testimony (claims six and eight); and the State suppressed evidence concerning a witness' testimony (claim nine).

Rubio has filed a motion asking this Court to stay the federal proceedings so that he can raise his unexhausted claims in state court. Even though AEDPA intended "to eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010), "a district court has discretion to stay a mixed petition [containing both exhausted and unexhausted claims] to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court outlined a three-part inquiry an inmate must meet before a stay is appropriate. An inmate must show that (1) there was good cause for his failure to exhaust claims in state court, (2) his unexhausted claims are not plainly meritless, and (3) he has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78; *see also Young v. Stephens*, 795 F.3d 484, 494-95 (5th Cir. 2015) ("A stay and abeyance should be available only in limited circumstances because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality . . . and streamlining federal habeas proceedings.").

Staying a federal case, however, is unnecessary if a forum is not available for the consideration of an inmate's claims. Texas sets strict limits on an inmate's ability to file successive habeas actions. Under the Texas Code of Criminal Procedure Article 11.071, § 5, an inmate can proceed on a successive habeas action only if he shows applicable new law or facts (§ 5(a)(1)); actual innocence of his conviction (§ 5(a)(2)); or actual innocence of the death penalty (§ 5(a)(3)). The Court must decide whether Rubio has met the *Rhines* requirements and whether he has shown that a state avenue of relief may be open to him.

## II. STAY OF THE FEDERAL PROCEEDINGS

To warrant a stay of these proceedings, Rubio must show that he has met the *Rhines* factors regarding at least one of his claims. Under *Rhines*' first factor, an inmate must show good cause for failing to exhaust his constitutional claims. The *Rhines* Court, however, did not define what constitutes good cause. The Fifth Circuit has clarified that "[t]he Supreme Court . . . intended the district court find 'good cause' in the equitable sense." *Ruiz v. Quarterman*, 504 F.3d 523, 530 n.17 (5th Cir. 2007). Some courts have interpreted *Rhines* as requiring that a petitioner "set forth a reasonable excuse, supported by sufficient evidence." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Rubio provides two arguments to show good cause: (1) state habeas counsel allegedly provided deficient representation by not advancing the unexhausted claims and (2) new evidence has come to light since state habeas review concluded. (Dkt. No. 42 at 5-7). For the purposes of this order, the Court need only to consider his second argument. Rubio's fourth, fifth, and nineth claims rely on information that was not available during his first round of state habeas review.[1] Good cause may exist when an inmate shows that he could not have learned about the factual basis for his claims during earlier state habeas actions. *See Jalowiec v. Bradshaw*, 657 F.3d 293, 305 (6th Cir. 2011) (finding good cause to excuse a procedural default where the petitioner alleged that the state prosecution wrongfully withheld impeachment evidence). Because Rubio's fourth, fifth, and nineth claims rely, in part, on facts that were not available to him before, the Court finds that Rubio has met *Rhines*' first prong.

Under *Rhines*' second prong, an inmate must show that his claims are "potentially meritorious"; that is, not "plainly meritless." *Rhines*, 544 U.S. at 278.[2] The Fifth Circuit applies this standard in a manner which considers both the merit of the unexhausted claim and the availability of state remedies. *See Hall v. Thaler*, 504 F. App'x 269, 283-84 (5th Cir. 2012); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Without making a full judgment of the merits, the Court finds that those claims are not plainly meritless. Because essential information about each claim was not available during earlier proceedings, Rubio has sufficiently shown that the Texas Court of Criminal Appeals may allow him to present his claims in a successive habeas application. Rubio has met *Rhines*' second prong.

*Rhines*' third factor is a closer call. The *Rhines* Court expressed concern that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of a sentence of death." *Rhines*, 544 U.S. at 277-78. Pausing a federal action at a late date "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the

---

[1] Rubio's fourth and fifth claims argue that his trial prosecutor, who was later convicted in federal court on corruption charges, committed various acts of misconduct in his case. Also, Rubio's ninth claim contends that the prosecution suppressed information about the veracity of a witness' testimony.

[2] Rubio repeatedly argues that "a *Rhines* movant need only show that [his unexhausted claims] are non-frivolous." (Dkt. No. 42 at 8). Rubio, however, has not identified any Fifth Circuit interpreting *Rhines*' "potentially meritless" language as meaning "non-frivolous."

3

resolution of the federal proceedings" and "also undermines AEDPA's goal of streamlining federal habeas proceedings[.]" *Rhines*, 544 U.S. at 277.

Rubio acknowledged in his amended petition that he did not exhaust several claims. The Court allowed the parties to submit a proposed scheduling order. Rubio did not suggest that he intended to file a stay motion only after both parties had submitted significant briefing on the merits. Rubio could, and should, have advanced his stay motion much earlier in the litigation.

At the same time, the pleadings do not suggest that Rubio intended to engage in "abusive litigation tactics" or cause "intentional delay." *Id.* at 277-78. While the question is a close one, the Court finds that equity favors finding that Rubio has met *Rhines*' third prong under the specific circumstances of this case.

## III. CONCLUSION

The Court finds that Rubio has shown that a stay of these proceedings is appropriate under *Rhines*. Accordingly, the Court **GRANTS** Rubio's motion for a stay. (Dkt. No. 42).

Rubio will file his successive state habeas application in an expeditious manner. Rubio's successive application will set forth all unexhausted claims that he wishes to litigate when he returns to federal court, including all factual theories and legal arguments supporting the same. Rubio will file an advisory every ninety days after he submits his successive state habeas application updating this Court on the status of his state habeas litigation. Rubio will move to reopen these proceedings within thirty days after the resolution of his state proceedings.

With the stay, the Court will **DENY** Respondent's summary judgment motion (Dkt. No. 30) and Rubio's motion for discovery (Dkt. No. 28) **WITHOUT PREJUDICE.**

**THIS CASE IS STAYED AND ADMINISTRATIVELY CLOSED.**

Signed on this 3rd day of February, 2021.

Rolando Olvera
United States District Judge

4