IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN ALLEN RUBIO, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIV. ACT. NO. 1–18–CV–00088 |
| | § | **DEATH PENALTY CASE** |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|    Respondent. | § | |

## RESPONDENT LUMPKIN'S MOTION TO RECUSE
## WITH BRIEF IN SUPPORT

Federal habeas petitioner John Allen Rubio[1] was convicted and sentenced to death for the murders of Julissa Quesada, Mary Jane Rubio, and John E. Rubio—all children under the age of six. After initial briefing, the Court stayed the case to allow Rubio to exhaust state remedies. ECF No. 53. Shortly before the stay, the Court advised the parties that Judge Olvera had presided over Rubio's initial state habeas proceedings. ECF No. 52. With subsequent state proceedings concluded, the Court reopened the case. ECF No. 57. Now, because his prior involvement in Rubio's case mandates

---

[1] Respondent Bobby Lumpkin will be referred to as "the Director." The Director uses the following citation conventions: "ECF" refers to entries on the Court's electronic docket sheet. "SHCR–01" refers to the clerk's record of pleadings and documents filed during Rubio's first state habeas proceedings. All references are preceded by volume number and followed by page number where applicable.

disqualification under the relevant statute, the Director moves to have Judge Olvera recused and asks that this matter be reassigned to a new judge.

## ARGUMENT

**I.   Judge Olvera Is Disqualified Under 28 U.S.C. § 455.**

In pertinent part, 28 U.S.C. § 455 provides that:

(a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:

. . . .

(3)   Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

. . . .

(d)   For the purposes of this section the following words or phrases shall have the meaning indicated:

(1)   "proceeding" includes pretrial, trial, appellate review, or other stages of litigation[.]

28 U.S.C. § 455(a)–(d).

In the instant case, Judge Olvera, in his capacity as a state judge, oversaw Rubio's initial state habeas proceeding before Rubio's retrial. ECF No. 52. This active participation in Rubio's case likely disqualifies him under 28

U.S.C. § 455(b)(3). *See Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (disqualification unnecessary when judge was member of prosecution staff but did not participate in prosecution). Judge Olvera was a "governmental employee" who "expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3).

But regardless of whether Section 455(b)(3) directly applies, Section 455(a) precludes even the appearance of partiality. *Hall v. Small Bus. Admin.*, 695 F.2d 175, 178 (5th Cir. 1983). "In applying the statute, a court considers 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (citations omitted). Further, "if the question of whether § 455(a) requires disqualification is a close one the balance tips in favor of recusal." *Republic of Panama v. Am. Tobacco Co. Inc.*, 217 F.3d 343, 347 (5th Cir. 2000).

Here, the parties may ask Judge Olvera to make rulings that are contrary to his previous findings and recommendations in this case. 2.SHCR–01.378–410. A reasonable and objective person can surely understand that finding error in one's own work is a fraught undertaking. *See, e.g., Mendoza v. Stephens*, 783 F.3d 203, 208 (5th Cir. 2015) (Owen, J., concurring) (petitioner entitled to new counsel so existing counsel is not required "to identify . . . counsel's own failings"). Indeed, the Fifth Circuit has noted that Section 455(a)

3

is implicated "when a federal judge in a habeas case reviews the validity of a decision in which he previously participated as a judge in state court." *Hill v. Thaler*, 401 F. App'x 974, 975 (5th Cir. 2010); *see also Clemmons v. Wolfe*, 377 F.3d 322, 327, 329 (3d Cir. 2004) ("[W]e now exercise our supervisory power to require that each federal district court judge in this circuit recuse himself or herself from participating in a 28 U.S.C. § 2254 habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which that judge presided in his or her former capacity as a state court judge."); *Russell v. Lane*, 890 F.2d 947, 947–48 (7th Cir. 1989) (under Section 455(a), federal judge should have recused himself in habeas proceeding because he served on the state appellate court that affirmed petitioner's conviction); *Rice v. McKenzie*, 581 F.2d 1114, 1117–18 (4th Cir. 1978) (same).

While Rubio was retried, Judge Olvera's state habeas recommendation still dealt with, in part, Rubio's competency and alleged intellectual disability. 2.SHCR–01.378–410. Similar claims may later recur in this case despite Rubio's retrial. These issues also have relevance to the claims currently before the Court, many of which implicate Rubio's mental health. ECF No. 30 at 1–2 (list of claims). And if ever in the posture of an execution setting, these issues might have relevance to a competency-to-be-executed claim. Finally, the Director does not know whether Judge Olvera was exposed to any confidential, ex parte, or privileged information regarding Rubio during his time presiding

4

over the matter as state habeas judge, such as when an applicant requests funding for mental health experts. If so, it is possible that Judge Olvera has information not known to one of the parties in this proceeding and which may no longer be appropriately considered.

It is true that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). However, the Director does not ask for disqualification based on Judge Olvera's actions as a federal judge. Rather, this situation implicates the concerns underlying 28 U.S.C. § 47, which provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." *See Rice*, 581 F.2d at 1117 ("'Such an appeal is not from Phillip drunk to Phillip sober, but from Phillip sober to Phillip intoxicated with the vanity of a matured opinion and doubtless also a published decision.'"). As in a Section 47 recusal, Judge Olvera may be asked by the parties to confirm or reject his own previous determinations of the facts or the issues in this case. Thus, the Court should find that disqualification is appropriate under Sections 455(a) and 455(b)(3).

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Judge Olvera be disqualified pursuant to Section 455 and another judge be assigned to this matter.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

*Attorney-in-charge

s/ Stephen M. Hoffman
*STEPHEN M. HOFFMAN
Assistant Attorney General
Texas Bar No. 24048978
Southern District Bar No. 602073
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936–1400
Fax: (512) 320–8132
Email: Stephen.Hoffman@oag.texas.gov

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I do hereby certify that on March 11, 2022, Lee Kovarsky, counsel for petitioner, stated via email that he was opposed to the relief requested in this motion.

/s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that March 14, 2022, I electronically filed the foregoing pleading with the Clerk of the Court for the United States District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Kristin Swain
Phillips Black, Inc.
P.O. Box 8745
Saint Louis, MO 63101
Email: k.swain@phillipsblack.org

Derek VerHagen, Jessica Graf, & Jeremy Schepers
Office of the Federal Public Defender—Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
Email: derek_verhagen@fd.org; jessica_graf@fd.org; jeremy_schepers@fd.org

Lee Kovarsky
Phillips Black, Inc.
727 East Dean Keeton St.
Austin, TX 78705
Email: l.kovarsky@phillipsblack.org

            s/ Stephen M. Hoffman
            STEPHEN M. HOFFMAN
            Assistant Attorney General